# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL F. WOODLEY, SR., | : | Case No. 2:24-cv-1619 |
| Petitioner, | : | |
| | : | District Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| DAVID C. YOUNG, *et al.*, | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for a writ of habeas corpus in this Court in connection with his state-court criminal proceedings. At the time the petition was filed petitioner was a pretrial detainee, awaiting trial in the Franklin County Court of Common Pleas, in Case Numbers 2022-CR-5196, 2020-CR-1580, and 2020-CR-5528. On August 20, 2024, the undersigned issued a Report and Recommendation to dismiss the petition without prejudice to refiling after petitioner has exhausted all available state-court remedies, which remains pending. (*See* Doc. 13).

Review of the Franklin County online docket records reveals that since filing the petition in this case petitioner has entered several no contest pleas in his pending cases as part of a plea bargain. Judgment entries imposing petitioner's sentence were issued on October 16, 2024 and October 22, 2024 and petitioner has been appointed counsel for appeal.[1]

---

[1] Ohio App. R. 4(A)(1) provides that a notice of appeal from a final entry shall be filed within thirty days of the entry. Petitioner's state-court dockets were viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?Tb3XevEzairnZkRUzRlU, under Case Nos. 2022-CR-5196, 2020-CR-1580, and 2020-CR-5528. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004).

Case: 2:24-cv-01619-ALM-SKB Doc #: 16 Filed: 11/13/24 Page: 2 of 6  PAGEID #: 98

This matter is now before the Court on petitioner's motion to stay.  (Doc. 14).  Petitioner seeks a stay so that he may pursue relief in the state courts.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights.  28 U.S.C. § 2254(b)(1).  A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts.  *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971).  Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies.  *See* 28 U.S.C. § 2254(c).  Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies.  *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).  A "mixed" petition containing both unexhausted claims and claims that

have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

The 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) "preserve[s] *Lundy*'s total exhaustion requirement" and "impose[s] a one-year statute of limitations on the filing of federal habeas petitions." *Rhines v. Weber,* 544 U.S. 269, 275 (2005). Some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and the petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

The Supreme Court went on to determine that:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Supreme Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. On the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

A stay in this case is not warranted. First, this is not a mixed petition containing both exhausted and unexhausted claims. Petitioner has not exhausted any of his grounds for relief. *See O'Sullivan*, 526 U.S. at 842; *Hafley*, 902 F.2d at 483; *Leroy*, 757 F.2d at 97, 99–100. Second, a stay of the case while petitioner exhausts his claims in the state courts is not warranted here because dismissal of the petition will not trigger any concerns about a potential statute of limitations bar to review of a future federal habeas petition. *See, e.g., Smith v. Warden*, No. 1:20-cv-994, 2021 WL 3487489, at n.5 (S.D. Ohio Aug. 9, 2021) (Report & Recommendation), *adopted,* 2021 WL 3883890 (S.D. Ohio Aug. 31, 2021); *Pruitt v. Ohio,* No. 1:10-cv-313, 2010

4

WL 2607246, at *3 & n.2 (S.D. Ohio May 19, 2010) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010); *Mingo v. Michigan*, No. 1:06-cv-24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006). Under 28 U.S.C. § 2244(d)(1)(A), petitioner has one year from the date on which his judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." Because petitioner has yet to complete his direct appeal, his state-court judgment is not final and dismissal of the petition without prejudice on exhaustion grounds will not trigger concerns regarding the statute of limitations.

Accordingly, in sum, petitioner's motion seeking a stay (Doc. 14) should be **DENIED** and, as recommended in the pending Report and Recommendation (Doc. 13), the petition should be dismissed without prejudice for lack of exhaustion.

**IT IS SO RECOMMENDED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).